UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 11-10002-CIV-KING

MICHAEL HASIER,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER OF DISMISSAL

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (DE # 7), filed on May 3, 2011. The Court is fully briefed on the matter.[1]

## I. BACKGROUND

This is a negligence case against the United States of America ("United States") for failure to warn, improper maintenance, improper inspection and product liability at the Naval Air Station Barracks in Key West, Florida ("subject premises"). At the time the events giving rise to this action occurred, Plaintiff Michael Hasier ("Hasier") was an employee of

---

[1] Plaintiff Michael Hasier filed a Response to Defendant's Motion to Dismiss (DE # 8) on May 20, 2011 and Defendant subsequently issued a Reply to Plaintiff's Response (DE # 14) on June 6, 2011.

OHC Environmental Engineering, Inc. ("OHC"). OHC was a subcontractor of Harry Pepper & Associates ("Harry Pepper"), an independent contractor hired by the United States for the express purpose of remediating hurricane damage to transient housing units at the subject premises. (DE #7, at 1). Haiser lived in a housing unit at the Naval Air Station while working for OHC. (DE #8, at 1). Hasier alleges that due to the negligence of the United States, he was exposed to toxic mold contained within the subject premises and suffered injuries as a result. (DE #6, at ¶¶ 14, 16). Hasier brings his claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§2671-2680.

## II. LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). This plausibility requirement outlined by the Supreme Court "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"For the purposes of a motion to dismiss, the Court must view the allegations of the

complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1247 (11th Cir. 2003). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 129 S.Ct. at 1949. Thus, courts determining the sufficiency of a complaint engage in a two-pronged analysis: "(1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Assoc. v. Cigna Corp.,* 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal,* 129 S.Ct. at 1950). The *Twombly* Court expressly noted that Rule 8 does "not require heightened fact pleading of specifics," and that a complaint should only be dismissed where the plaintiffs "have not nudged their claims across the line from conceivable to plausible." 550 U.S. at 570.

### III. ANALYSIS

Defendant United States of America moves to dismiss Plaintiff Michael Hasier's Amended Complaint for lack of subject matter jurisdiction. (DE #7, at 1). Hasier bases subject matter jurisdiction solely upon the FTCA. Pursuant to 28 U.S.C. §1346(b)(1), the FTCA waives the United States' sovereign immunity for negligence claims arising out of the act or omission of "any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person,

would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Since the action in the present case occurred in Florida, Florida law controls.

In this case, the United States attacks the Court's subject matter jurisdiction, arguing that sovereign immunity was not waived, as the United States owed no duty to Hasier under controlling Florida law and no employee of the United States committed a tortious action in this case. (DE #8, at 9). A defendant may attack subject matter jurisdiction in two different ways – facially and factually. *McMaster v. United States*, 177 F.3d 936, 940 (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir.1990) (per curiam)). In the present case, the United States brings a factual attack on subject matter jurisdiction. (DE #7, at 7).

A factual attack differs substantially from a facial attack. "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion – the court must consider the allegations of the complaint to be true, but when the attack is factual, the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56." *Lawrence*, 919 F.2d at 1529 (internal citations omitted). With a factual attack, the trial court can "weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

Hasier relies upon *Lawrence* to support the position that the Court should not dismiss

4

the case. Hasier argues that the factual attack in this case implicates an element of the cause of action, as it addresses the duty owed by the United States to Hasier. (DE #8, at 6). In *Lawrence*, the Court noted that in cases in which the attack implicates an element of the cause of action, there is "a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6)...or Rule 56...both of which place great restrictions on the district court's discretion." *Id*. Haiser argues that this "greater level of protection" should allow his claim to survive the Motion to Dismiss. (DE #8, at 7). Thus, using *Lawrence*, Hasier argues, "the proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Lawrence*, 919 F.2d at 1529 (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)).

However, Hasier's reliance upon *Lawrence* is misplaced, as the allegations made and facts presented in *Lawrence* do not parallel the present action. *Lawrence* involved a damages claim resulting from a car accident between two automobiles, one driven by an employee of the United States federal government who had imbibed too much at the office Christmas party and the other driven by the plaintiff. *Lawrence*, 919 F.2d at 1526. The district court dismissed the case for lack of subject matter jurisdiction of the suit brought under the FTCA. *Id*. The Eleventh Circuit reversed, reasoning "The existence of plaintiff's cause of action depends on whether [the federal employee] was acting within the course and scope of his employment. The pertinent inquiry will resolve both the question of subject matter

5

jurisdiction and a necessary element of the tort claim." *Id.* at 1529. The Court found, "When the jurisdictional basis of a claim is intertwined with the merits, the district court should apply a Rule 56 summary judgment standard when ruling on a motion to dismiss which asserts a factual attack on subject matter jurisdiction." Id. at 1530, see Williamson, 645 F.2d at 415-16. The Eleventh Circuit noted, however, the limited scope of its holding: "We express no opinion on the merits of the plaintiff's claim. We simply hold that under the law of this circuit...federal claims should not be dismissed on motion for lack of subject matter jurisdiction when that determination is intermeshed with the merits of the claim and when there is a dispute as to a material fact." *Lawrence*, 919 F.2d at 1530-31.

Furthermore, the Eleventh Circuit expressly stated that the holding in this case does not mean that a district court can never dismiss a federal claim for lack of subject matter jurisdiction whenever a decision on subject matter jurisdiction also implicates the substantive merits of the claim. *See Lawrence,* 919 F.2d at 1530, FN 7. Where the plaintiff's claims are "clearly immaterial, made solely for the purpose of obtaining jurisdiction or are wholly unsubstantiated and frivolous," the court should dismiss the claim. *Id.* (quoting *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 734 (11th Cir. 1982)); *see also Bell v. Hood*, 327 U.S. 678 (1946). In *Lawrence*, there was a dispute as to a material fact: "At the very least, there are conflicting factual inferences that could be drawn from the facts before the court about whether Dunbar was acting within the scope of his employment when he attended the Christmas parties and afterwards was involved in the automobile accident." *Id.* at 1530.

6

Such is not the case here.

In the present action, there are no disputed facts about the position of the United States in regard to the housing units. It is undisputed that the United States had entered into a contract with Harry Pepper, giving Harry Pepper the responsibility for the safety of the housing units. The United States owed no duty to the Hasier, an employee of OHC, the subcontractor hired by Harry Pepper. The contract between the United States and Harry Pepper included provisions that Harry Pepper perform "certain repairs and other matters." (DE #8, at 4). Plaintiff further "agrees that the government did purport to delegate certain safety responsibilities to Harry Pepper and its subcontractors." (DE #8, at 5).

Indeed, Hasier argues only that the United States owed a duty to him "due to its active participation in the manner in which the work was being performed, and in particular how the employees were being housed." *Id.* at 6. Hasier alleges that the United States "exercised extreme control over them both with the assurances of safety of the structure as well as the "Code of Conduct" it required all the employees to adhere while housed in the Navy Housing." *Id.* No factual allegations are made regarding the role of the United States in remediating mold or ensuring the safety of the housing units under the control of Harry Pepper. The United States contends that there is no evidence that the United States assumed the duty to remediate the mold in the housing units or to ensure that they were safe for contractor employees – through control of the project or otherwise. (DE #14, at 4). This Court agrees.

Under controlling Florida law, "one who hires an independent contractor is not liable for injuries sustained by that contractor's employees in performing their work." *Johnson v. Boca Raton Cmty. Hosp., Inc.*, 985 So.2d 593, 595 (citing *Cecile Resort, Ltd. v. Hokanson*, 729 So.2d 446, 447 (Fla. Dist. Ct. App. 1999) (holding that resort owner was not liable on general negligence or premises liability claims for injuries sustained by an independent contractor who had been hired to paint a flag pole)). An exception to the general rule exists if the owner has been "actively participating in the construction to the extent that he directly influences the manner in which the work is performed." *Morales v. Weil*, 44 So.3d 173, 176 (Fla. Dist. Ct. App. 2010); *see also Johnson*, 985 So.2d at 595-96; *Conklin v. Cohen*, 287 So.2d 56, 60 (Fla. 1973). The amount of control needed to pierce the shield of liability must be extensive. *Id.* Indeed, even if an owner's representative was present at the construction site for the purpose of assuring that the contract complied with the plans and specifications for the construction, an owner will not be responsible for a contractor's safety violations. *City of Miami v. Perez*, 509 So.2d 343, 347 (Fla. Dist. Ct. App. 1987), *see also Skow v. Department of Transportation*, 468 So.2d 422 (Fla. Dist. Ct. App. 1985); *Coudry v. City of Titusville*, 438 So.2d 197 (Fla. Dist. Ct. App. 1983); *Vorndran v. Wright*, 367 So.2d 1070 (Fla. Dist. Ct. App.), cert. denied, 378 So.2d 350 (Fla. 1979).

In the present case, Plaintiff alleges no facts indicating that the United States had any participation in the activities conducted by Harry Pepper. The Plaintiff does not allege that any of the tortious actions were committed by officers or employees of the United States. At

most, Plaintiff states that he was told by Lieutenant Commander Gregory Vinci that the building had been inspected, had been cleared and was safe. (DE #8, at 4). It is generally the prime responsibility of the contractor-employer to comply with safety regulations. *Vorndran*, 367 So.2d at 1071, *see* Fla. Stat. §440.56 (1971). Here, it is undisputed that Harry Pepper was responsible for inspecting and clearing the housing units. The United States did not exercise the amount or type of control or participation that would give rise to liability for responsibilities delegated to an independent contractor. Thus, the United States is not liable under Florida law for the negligence claim.

The United States is generally immune from suit; it is subject to suit only insofar as it has waived its sovereign immunity. *Compagnoni v. United States*, 173 F.3d 1369 (11th Cir. 1999), *see United States v. Sherwood*, 312 U.S. 584 (1941). Since the United States did not waive sovereign immunity under the FTCA, no basis for subject matter jurisdiction exists. Thus, Hasier's claim must be dismissed.

## V. CONCLUSION

After careful consideration and being fully advised by the briefs and memoranda of counsel, it is hereby

**ORDERED, ADJUDGED, and DECREED** as follows:

1. Defendant United States of America's Motion to Dismiss **(DE #7)** be, and the same is, hereby **GRANTED**.

2. This case is **DISMISSED without prejudice.** Plaintiff shall have twenty

      (20) days to file an Amended Complaint.

3.    The Clerk shall **CLOSE** this case.

4.    All other pending motions are **DENIED AS MOOT.**

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 30th day of September, 2011.

```
                    JAMES LAWRENCE KING
                    UNITED STATES DISTRICT JUDGE
```

cc:

**Counsel for Plaintiff**
Jerry Dwight Sanders
Vernis & Bowling of Key West, P.A.
1009 Simonton Street
Suite 3
Key West, FL 33040

**Counsel for Defendent**
Anthony Pogorzelski
US Attorney's Office
99 NE 4th Street
Suite 335
Miami, FL 33132